# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| CORNELIUS DONALD WINFREY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 07 C 3255 |
| | ) | |
| v. | ) | Judge John W. Darrah |
| | ) | |
| CERMAK HEALTH SERVICES OF | ) | |
| COOK COUNTY, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Cornelius Winfrey, currently an inmate at Pinckneyville Correctional Center, brings this *pro se* complaint pursuant to 42 U.S.C. § 1983. He alleges that Defendants, Dr. Nagib Ali, Supt. Nelson Villanueva, Supt. Salazar, and Edward Fowler,[1] were deliberately indifferent to his serious medical needs while he was detained at the Cook County Department of Corrections (CCDOC). Defendants have filed a motion for summary judgment. Instead of filing a response, Plaintiff has filed what he termed a "cross motion for summary judgment." For the following reasons, the Court grants Defendants' motion for summary judgment and denies Plaintiff's cross motion for summary judgment.

## I.      Standard of Review

Summary judgment is proper when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

---

[1] Plaintiff misspelled two of the defendants' names in the caption of his complaint, that is, "E. Folic" and "Villnawava." The Court will use the correct spelling of their names, that is, "Edward Fowler" and "Supt. Nelson Villanueva."

Fed.R.Civ.P. 56(c); *see also Lewis v. Holsum of Ft. Wayne, Inc.*, 278 F.3d 706, 709 (7th Cir. 2002) ("If the nonmoving party fails to make a sufficient showing on an essential element of her case, the moving party is entitled to judgment as a matter of law because 'a complete failure of proof concerning an essential element of the [nonmovant's] case necessarily renders all other facts immaterial.'" (*quoting Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). All of the evidence and the reasonable inferences that may be drawn from the evidence are viewed in the light most favorable to the nonmovant. *Miller v. American Family Mutual Ins.*, 203 F.3d 997, 1003 (7th Cir. 2000). Summary judgment may be granted when no "reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). However, a party cannot defeat summary judgment by relying on unsubstantiated facts or by merely resting on its pleadings. *See Hemsworth, II v. Quotesmith.com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007); *Greer v. Board of Educ. of the City of Chicago*, 267 F.3d 723, 729 (7th Cir. 2001). Instead, the party that bears the burden of proof on an issue must affirmatively demonstrate, by specific factual allegations, that a genuine issue of material fact exists that requires a trial. *See Hemsworth*, 476 F.3d at 490.

Because both parties have moved for summary judgment, the Court evaluates each party's motion on its own merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration. *Mingus Constructors, Inc. v. United States*, 812 F.2d 1387, 1391 (Fed.Cir. 1987); *Berrum v. Freyberger*, No. 01 C 802, 2004 WL 557394, *2+ (N.D.Ill. 2004) (Manning, J.) However, this does not necessarily mean the Court must grant judgment as a matter of law for one side or the other; summary judgment in favor of either party is not proper if disputes remain as to material facts. *Id.*

## II. Facts

The following are drawn from Defendants' Statement of Material Facts (SOMF).

Plaintiff entered Cook County Jail on June 6, 2006, and reported that he had lumbar spine disease (Defs' SOMF ¶1). Plaintiff had several consultations with Physician Assistant (PA) Barbara Davis in the orthopedic clinic. PA Davis diagnosed Plaintiff with degenerative joint disease of the lumbar spine and recommended conservative therapy including physical therapy and medication (Defs' SOMF ¶7). Plaintiff's physical therapist, Dr. Grive, wrote Plaintiff a prescription to wear gym shoes and a prescription to receive an additional mattress to help ease the pain (Defs' SOMF ¶8). Plaintiff received an extra mattress and was offered gym shoes but refused them (Defs' SOMF ¶9).

Dr. Ali saw Plaintiff at least five times over a six-month period and never refused to treat Plaintiff (Defs' SOMF ¶¶5 & 6). In Dr. Ali's opinion, neither a mattress or gym shoes would have cured or alleviated Plaintiff's lumbar spine condition (Defs' SOMF ¶10). However, Dr. Ali wrote prescriptions for a cane and lumbar back support to ease discomfort (Defs' SOMF ¶11).

Physician Assistant Edward Fowler saw Plaintiff approximately seven times (Defs' SOMF ¶21). Fowler determined Plaintiff's condition to be chronic (Defs' SOMF ¶22). It was also determined that surgery would not be effective and that therapy would be the best treatment to ease the pain (Defs' SOMF ¶¶23 &24). Fowler prescribed pain medication for Plaintiff (Defs' SOMF ¶25) and never refused to give Plaintiff treatment (Defs' SOMF ¶26).

On June 14, 2006, a neurosurgeon saw Plaintiff at Mount Sinai Hospital (Defs' SOMF ¶12). The neurosurgeon noted that no surgical intervention was needed. *Id.* On July 27, 2006, Plaintiff received a full neurosurgical consultation (Defs' SOMF ¶13). No surgical intervention was needed.

*Id.* On October 26, 2006, Plaintiff had an orthopedic consultation with PA Davis, who concluded that surgery was not medically warranted and recommended the same conservative treatment that Plaintiff had been receiving (Defs' SOMF ¶14). On August 21, August 28, August 30, and September 11, 2007, Plaintiff consulted with a neurologist, Dr. Singleton, who noted that Plaintiff suffered degenerative joint disease of the lumbar spine and also recommended he continue the conservative therapy (Defs' SOMF ¶15).

In addition, Dr. Ali prescribed Motrin, Naprosyn, and a muscle relaxant (Defs' SOMF ¶16). During the period between July 2006 and September 2007, Cermak Health Services Personnel prescribed and Plaintiff received several other medications, such as Robaxin, Colace, and Methocarbamol (Defs' SOMF ¶17).

Defendant Villanueva never refused medical treatment for Plaintiff (Defs' SOMF ¶20). Villanueva also forwarded Plaintiff's grievances to Cermak Health Services (Defs' SOMF ¶19).

## III. Analysis

When Defendants filed their motion for summary judgment, they included a "Notice to Pro Se Litigant Opposing Motion for Summary Judgment" as required by *Timms v. Frank*, 953 F.2d 281, 285 (7th Cir. 1992); *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982). This notice clearly sets out the requirements of this Court's Local Rule 56.1. In particular, the notice explains:

> You may rely upon your own declaration or the declarations of other witnesses. A declaration is a signed statement by a witness. The declaration must end with the following phrase: "I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct," and must be dated. If you do not provide the Court with evidence that shows that there is a dispute about the facts, the judge will be required to assume that the defendants' factual contentions are true, and, if the defendants are also correct about the law, your case will be dismissed.

Despite being given this notice, not only in this case but also in several other actions Plaintiff

filed, Plaintiff did not file a response but instead filed a document he termed a "Cross Motion for Summary Judgment." This document is deficient in a number of respects. First, Plaintiff did not file a separate statement of material facts as required by L.R. 56.1(a)(1)(3). Plaintiff included an undisputed statement of facts in the body of his cross motion but this not only does not comply with the local rules but also, as will be discussed later, are not undisputed. Moreover, the only support for his propositions are his complaint and the grievances he filed while in the jail. Second, although Plaintiff's affidavit is notarized, it does not contain the phrase: "I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct."

Although *pro se* plaintiffs are entitled to lenient standards, compliance with procedural rules is required. *Members v. Paige*, 140 F.3d 699, 702 (7th Cir. 1998) ("[R]ules apply to uncounseled litigants and must be enforced."); *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir.1994); *Boutte v. Spellings*, No. 07 C 3233, 2009 WL 377716, *1+ (N.D.Ill. 2009) (Guzmán, J.). Despite being provided with the L.R. 56.1 notice to pro se litigants opposing summary judgment, Plaintiff has failed to support his cross motion with summary judgment. Moreover, neither his cross motion for summary judgment nor his affidavit can be deemed a proper declaration or affidavit for they are not sworn under penalty of perjury.[2] 28 U.S.C. § 1746; *Eddings v. Lefevour*, No. 98 C 7968, 2000 WL 146610, at *7 (N.D.Ill. Sept. 29, 2000). Accordingly, Defendants' Rule 56.1 facts are deemed admitted. *Jupiter Aluminum Corp. v. Home Ins. Co.*, 225 F.3d 868, 870 n. 3 (7th Cir. 2000). *Oates v. Discovery Zone*, 116 F.3d 1161, 1167 (7th Cir. 1997); *Flaherty v. Gas Research Inst.*, 31 F.3d 451, 453 (7th Cir. 1994); L.R. 56.1(b)(2)(B).

---

[2]The Court notes that Plaintiff swore under penalty of perjury that he served all the attached documents to the assistant state's attorney. However, he did not swear that these documents were true and correct.

5

Nonetheless, because Plaintiff is *pro se*, the Court will examine both motions for summary judgment.

The Due Process Clause prohibits deliberate indifference to the serious medical needs of a pretrial detainee. *Qian v. Kautz*, 168 F.3d 949, 955 (7th Cir. 1999); *Salazar v. City of Chicago*, 940 F.2d 233, 237-38 (7th Cir. 1991). A claim of deliberate indifference includes both an objective and subjective element. *See Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir. 2002). As to medical care, "the objective element requires that the inmate's medical need be sufficiently serious." *Guiterrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). A medical need is sufficiently serious if it has been diagnosed by a physician as mandating treatment or it so obvious that even a lay person would recognize the necessity of medical treatment. *See Foelker v. Outgamie County*, 394 F.3d 510, 512 (7th Cir. 2005).

The subjective element requires that the correctional official act with sufficiently culpable state of mind, "something akin to criminal recklessness." *Norfleet v. Webster*, 439 F.3d 392, 397 (2006). The negligent or inadvertent failure to provide adequate medical care is not sufficient because such a failure is not an "unnecessary and wanton infliction of pain" that is "repugnant to the conscience of mankind." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Furthermore, medical negligence is insufficient to demonstrate deliberate indifference. *See Foelker*, 394 F.3d at 513. However, an inmate does not need to prove that the official "intended, hoped for, or desired the harm that transpired." *Haley v. Gross*, 86 F.3d 630, 641 (7th Cir. 1996). Instead, it is sufficient if the inmate demonstrates that the official actually knew of a substantial risk of harm to the inmate and acted or failed to act in disregard to that risk. *See Walker*, 293 F.3d at 1037. An inmate can demonstrate that an official knew of a substantial risk of harm if the fact of that risk is obvious. *See*

*Walker*, 293 F.3d at 1037. As applied to claims of deliberate indifference based on a physician's treatment decision, "the decision must be so far afield of accepted professional standards as to raise the inference that it was not actually based on a medical judgment." *Norfleet*, 439 F.3d at 396. A difference of opinion among physicians as to the proper treatment is insufficient to support a finding of deliberate indifference. *See Norfleet*, 439 F.3d at 396.

In the instant case, even assuming that Plaintiff's degenerative joint disease of the lumbar spine is a serious medical condition, Plaintiff has wholly failed to demonstrate that any Defendant acted with deliberate indifference to his medical needs.

From the time Plaintiff was detained at Cook County Jail on June 6, 2006, until the filing of this complaint on September 13, 2007, he had at least two consultations with Physician Assistant Davis; he was seen by Dr. Ali at least five times over a six-month period; he was seen by Physician Assistant Fowler; he was seen by a neurosurgeon at Mount Sinai Hospital; he had four consultations with a neurologist; and Plaintiff was prescribed a number of medications in addition to an extra mattress, a cane, and a lumbar back support.

Defendants have supported these facts with Plaintiff's deposition, in which he admits to being seen by doctors and being given medication, with Dr. Ali's affidavit, and with copies of Plaintiff's medical records which document the extensive treatment that Plaintiff received. No one "turned a blind eye and deaf ear" to Plaintiff's requests for medical treatment as he claims in his affidavit.

Plaintiff's undisputed statement of facts is merely a restatement of his claim that Defendants' denied him medical care for his lumbar spine disease. He has attempted to support these facts with his complaint, his affidavit, and copies of the grievances he wrote. However, a party cannot defeat

summary judgment by resting on his pleadings. *See Hemsworth*, 476 F.3d at 490. Besides the deficiencies already noted as to Plaintiff's affidavit, it contradicts testimony he gave in his deposition. A party may not attempt to survive a motion for summary judgment through the submission of an affidavit that contradicts testimony in his deposition or other sworn testimony. *Flannery v. Recording Industry Ass'n of America*, 354 F.3d 632, 638 (7th Cir. 2004); *Amadio v. Ford Motor Co.*, 238 F.3d 919, 926 (7th Cir. 2001), which is precisely what Plaintiff is trying to do here. All that the copies of the grievances demonstrate is that Plaintiff *complained* that he did not receive medical care; they are not evidence that he did not *actually* receive medical care. In light of all the specialists, doctors, physician assistants, and physical therapists that Defendants have documented that Plaintiff saw and the medications that Defendants have documented that Plaintiff received, it is clear that Plaintiff was not treated with deliberate indifference.

The Court does not doubt that Plaintiff's degenerative joint disease of the lumbar spine causes him a great deal of pain. However, the dissatisfaction or disagreement with the method of treatment or inability to effect a final cure does not suggest that those who treat an inmate exhibited deliberate indifference. *Snipes v. DeTella*, 95 F.3d 586 (7th Cir. 1996).

## IV. Conclusion

For the foregoing reasons, the Court grants Defendants' motion for summary judgment and denies Plaintiff's motion for summary judgment. The Clerk is directed to enter judgment in favor of Defendants Dr. Nagib Ali, Supt. Nelson Villanueva, Supt. Salazar, and Edward Fowler, and against Plaintiff Cornelius Winfrey pursuant to Fed. R. Civ. P. 56.

Dated: February 24, 2009

JOHN W. DARRAH
United States District Court Judge

8